IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**ENTERED**

JUN 2 0 2001

| | | |
|---|---|---|
| **AUTOMATION TECHNOLOGIES INDUSTRIES, INC.,** | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civil Action Number **01-C-0570-S** |
| **FRIGIDAIRE HOME PRODUCTS, INC.,** | ) ) ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION

Before this Court is Defendant Frigidaire Home Products, Inc.'s Motion to Dismiss or, in the Alternative, to Stay Civil Action and to Compel Arbitration. The Court finds that there is no agreement to arbitrate between Plaintiff and Defendant; therefore, Defendant's motion is due to be denied.

### I. Facts

In July of 1999, Plaintiff Automation Technologies Industries, Inc. began submitting quotations to Defendant Frigidaire Home Products, Inc. to install conveyor systems in Defendant's refrigerator manufacturing plant. In August of 1999, Defendant verbally awarded Plaintiff its conveyors systems work.

On August 30, 1999, Defendant sent Plaintiff a document stating that "[a]ll quotes must refer to following the Frigidaire Home Products Specification Package (ME 101, 102, 103, 104)." (Def. Exh. A) The Frigidaire Home Products Specification Package ("FHP Specifications") is a compilation of various job specifications: ME-101, ME-102,

ME-103 and ME-104. Only Clause 72 of the ME-102 contains an arbitration provision.[1] The FHP Specifications are primarily technical in nature, discussing areas such as scheduling, materials, equipment features, control systems, and the like.

On October 6, 1999, Defendant faxed Plaintiff two purchase orders for jobs C 4615 and C 4616. On October 14, 1999, Defendant faxed Plaintiff two additional orders for jobs C 4619 and C 4620. On October 19, 1999, Defendant faxed Plaintiff two purchase orders for jobs C 4622 and C 4623. On November 16, 1999, Defendant faxed Plaintiff the purchase order for the last job, C 4640. Defendant faxed only the first page of all of the purchase orders, none of which made reference to arbitration.

On October 8, 1999, Defendant sent Plaintiff, evidently for the first time, the ME-102. (Pla. Exh. 3 at 1.)

## II. Applicable Law & Analysis

To compel arbitration under the Federal Arbitration Act, ("FAA"), a valid arbitration agreement must exist between the parties. 9 U.S.C. § 2. The FAA does not render enforceable all arbitration clauses; rather, it makes arbitration agreements enforceable. *See Crown Pontiac, Inc. v. McCarrell*, 695 So. 2d 615, 616 (Ala. 1997). A court's first task is to determine whether the parties agreed to arbitrate their dispute.

---

[1] Clause 72 of ME-102 states
> All disputes arising in connection with the contract shall be finally settled under the Rules of Conciliation and Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said rules, supplemented as necessary by the procedural rules of the law of the contractor's country.

(Pla. Exh. 3 at 8.)

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985); *Hersman, Inc. v. Fleming Companies, Inc.*, 19 F. Supp. 2d 1282 (M.D. Ala. 1998). Under Alabama law, the party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration. *Southern Energy Homes, Inc. v. Hennis*, 776 So. 2d 106 (Ala. 2000).

The Court finds that there was no agreement between Plaintiff and Defendant to arbitrate. Plaintiff and Defendant did not sign a contract containing an arbitration clause. When Plaintiff submitted its quotes to Defendant and when Defendant faxed Plaintiff purchase orders, there was no mention of arbitration. There was no specific incorporation of an arbitration agreement or of a contract containing an arbitration agreement. The only mention of arbitration is in Clause 72 of the ME-102, a specification that Plaintiff did not even receive until it had sent quotes and Defendant had already faxed at least two purchase orders. A mere clause buried in the midst of an unsigned technical specification handbook does not create agreement to arbitrate.

The Court will deny Defendant's motion by separate order.

DONE this 20th day of June, 2001.

_____
Chief United States District Judge
U.W. Clemon